# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

12/16/2015

NOTICE OF APPEALS
ASSIGNMENT OF COURT OF APPEALS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/16/2015 1:33:18 PM
CHRISTOPHER A. PRINE
Clerk

TO: FIRST COURT OF APPEALS

FROM: DEPUTY CLERK: DUANE C. GILMORE
        CHRIS DANIEL, DISTRICT CLERK
        HARRIS COUNTY, TEXAS

CASE NO:    2013-23041       COURT:   334TH       TENTATIVE DUE DATE:    1/23/2016

APPEAL TYPE    REGULAR ( MTN TO NEW TRIAL FILED)       CASE STATUS:    DISPOSED (FINAL)

APPELLANT:    JIM AND ROXANNE SANDT

APPELLEE:    ENERGY MAINTENANCE SERVICES GROUP I, LLC N/K/A ENERGY MAINTENANCE SERVICES GROUP I, INC.

EVENT FILE DATE    12/14/2015        NUMBER OF DAYS: 120

EVENT CODES;    BC, C, OA

FILED BY:    **LLOYD E KELLEY**        TBN:    **11203180**

DATE ORDER SIGNED    9/25/2015

COURT ASSIGNED TO:    FIRST COURT OF APPEALS

IMAGE NO:    67214858    VOLUME:        PAGE:

MOTION FOR NEW TRIAL FILING DATE:    : October 26, 2015

NOTES:

**CHRIS DANIEL**
**Harris County, District Clerk**


By:   **/s/DUANE C. GILMORE**
            DUANE C. GILMORE, Deputy


BC    NOTICE OF APPEAL FILED
BG    NOTICE OF APPEAL FILED – GOVERNMENT
C    JUDGMENT BEING APPEALED
D -    ACCELERATED APPEAL
OA    NO CLERK'S RECORD REQUEST FILED W/NOTICE OF APPEAL
O    CLERK'S RECORD REQUEST FILED (W/NOTICE OF APPEAL)
NA    AMENDED NOTICE OF APPEAL

## CAUSE NO. 2013-23041

| | | |
|---|---|---|
| ENERGY MAINTENANCE SERVICES GROUP I, LLC N/K/A ENERGY MAINTENANCE SERVICES GROUP I, INC., PLAINTIFF | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF<br><br>HARRIS COUNTY, TEXAS |
| V. | §<br>§ | |
| TIMOTHY H. NESLER AND MELINDA NESLER, and | §<br>§<br>§ | 334TH JUDICIAL DISTRICT |
| JIM SANDT AND ROXXANE SANDT, | §<br>§<br>§ | |
| DEFENDANTS, | | |

### JIM AND ROXANNE SANDT'S NOTICE OF APPEAL

Notice is hereby given of Defendants Jim and Roxanne Sandt's Appeal of a Final Judgment to the First or Fourteenth District Court of Appeals.

1. The parties that wish to file the appeal are Jim Sandt and Roxanne Sandt

2. On September 25, 2015, a Final Judgment was signed by the 334th Judicial District Court, Harris County Texas. A copy of said judgment is attached.

3. Plaintiff Energy Maintenance Services Group I, LLC's Motion for New Trial was filed on October 26, 2015 and was denied on November 13, 2015.

Respectfully Submitted,

THE KELLEY LAW FIRM

By: /s/: Lloyd E. Kelley_____
    LLOYD E. KELLEY
    2726 Bissonnet #240   PMB# 12
    Houston, Texas 77005
    Telephone:   281-492-7766
    Telecopier:   281-652-5973
    kelley@lloydekelley.com

1

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record on this the 14th day of December, 2015.

_/s/: Lloyd E. Kelley_____
LLOYD E. KELLEY

| | | |
|---|---|---|
| ENERGY MAINTENANCE SERVICES GROUP I, L.L.C. N/K/A ENERGY MAINTENANCE SERVICES GROUP I, INC., | § § § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| TIMOTHY NESLER, | § § | |
| Defendant. | § § § | 334TH JUDICIAL DISTRICT |

**F I L E D**
Chris Daniel
District Clerk

SEP 2 5 2015

Time:_____
Harris County, Texas

By_____
Deputy

## FINAL JUDGMENT

By Order of the Court, trial in this matter was bifurcated into two separate trials: (1) Timothy Nesler ("Nesler") versus Energy Maintenance Services Group I, L.L.C. n/k/a Energy Maintenance Services Group I, Inc. ("EMS"); and (2) Jim Sandt and Roxanne Sandt (the "Sandts") versus EMS. This Final Judgment comes following the conclusion of both trials. It is final and appealable.

### EMS-NESLER PORTION OF THE FINAL JUDGMENT

On March 10, 2015, Nesler and EMS appeared for a pretrial conference wherein it was determined and agreed that the unliquidated damages referred to in Paragraphs 69 through 71 of Nesler's Sixth Amended Answer relating to the outstanding amount of the *Sandt* judgment owed by Nesler would be severed into a separate case.

After the pretrial conference, the remaining unsevered portions of the case between EMS and Nesler were called to trial. Nesler appeared by and through his attorneys of record and announced ready for trial. EMS appeared by and through its attorneys of record and corporate representative and announced ready for trial. For purposes of the trial, Nesler was realigned as the Plaintiff and EMS as the Defendant. A jury consisting of twelve qualified jurors was then

duly impaneled and the case proceeded to trial. The parties rested on March 11, 2015. The case was then submitted to the jury by written charge. On March 12, 2015, the jury returned its verdict based upon questions and instructions presented by the Court. The questions and the jury's responses were as follows:

## QUESTION NO. 1

What sum of money, if paid now in cash, would fairly and reasonably compensate Timothy Nesler for his damages, if any, that resulted from EMS's failure to indemnify him for the *Sandt* lawsuit?

> Do not include interest on any amount of damages you find.
> Consider the elements of damages listed below and none other.

> Attorney's fees and expenses actually and reasonably incurred by Nesler in defending against the execution/collection efforts on the judgment in the *Sandt* lawsuit.

> Attorney's fees and expenses actually and reasonably incurred by Nesler in pursuing the appeal of the *Sandt* lawsuit.

Answer in dollars and cents for damages, if any.

Answer: $164,092.18

## QUESTION NO. 2

What is a reasonable fee for the necessary services of Timothy Nesler's attorneys in this case, stated in dollars and cents?

Factors to consider in determining a reasonable fee include—

1. The time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly.

2. The fee customarily charged in the locality for similar legal services.

3. The amount involved and the results obtained.

4. The experience, reputation, and ability of the lawyer or lawyers performing the services.

Answer with an amount for each of the following:

    a.    For representation in the trial court.

2

Answer: <u>$537,418.35</u>

b.     For representation through appeal to the court of appeals.

Answer: <u>$75,000.00</u>

c.     For representation at the petition for review stage in the Supreme Court of Texas.

Answer: <u>$35,000.00</u>

d.     For representation at the merits briefing stage and through oral argument in the Supreme Court of Texas.

Answer: <u>$20,000.00</u>

The Court has considered the jury's findings, the Court's various rulings, and all matters of record. It is therefore,

**ORDERED** that Nesler shall have judgment against EMS in the principal amount of $176,944.33 for actual damages and prejudgment interest through May 7, 2015. Prejudgment interest will continue to accrue on this amount at the rate of $22.47 per day until the date this Final Judgment is signed. The principal amount was calculated as follows:

- Attorney's fees and expenses actually and reasonably incurred by Nesler in defending against the execution/collection efforts on the judgment in the *Sandt* lawsuit and in pursuing an appeal of the *Sandt* lawsuit in the amount of $164,092.18;

- Plus prejudgment interest at the rate of 5% per annum on $83,474.59 beginning on January 31, 2013, and continuing through June 30, 2014 ($5,886.45);

- Plus prejudgment interest at the rate of 5% per annum on $164,092.18 beginning on July 1, 2014, and continuing through May 7, 2015 ($6,965.70).

It is further,

**ORDERED** that Nesler shall have judgment against EMS in the amount of $537,418.35 for his reasonable and necessary attorney's fees incurred in representation through the trial court level. It is further,

3

**ORDERED** that Nesler shall recover from EMS post-judgment interest at the rate of five percent (5%) per annum, compounded annually, on the principal amount of above and for his reasonable and necessary attorney's fees incurred in representation through the trial court, from the date of Final Judgment until paid. It is further,

**ORDERED** that if EMS unsuccessfully appeals this Final Judgment (as it pertains to any relief awarded to or benefiting Nesler in any way) to the court of appeals, Nesler shall have judgment against EMS in the amount of $75,000.00, representing the anticipated reasonable and necessary attorney's fees that would be incurred by Nesler in defending the appeal. It is further,

**ORDERED** that if EMS unsuccessfully appeals this Final Judgment (as it pertains to any relief awarded to or benefiting Nesler in any way) to the petition for review stage in the Supreme Court of Texas, Nesler shall have judgment against EMS in the amount of $35,000.00, representing the anticipated reasonable and necessary attorney's fees that would be incurred by Nesler in defending the appeal. It is further,

**ORDERED** that if EMS unsuccessfully appeals this Final Judgment (as it pertains to any relief awarded to or benefiting Nesler in any way) to the merits briefing stage and through oral argument in the Supreme Court of Texas, Nesler shall have judgment against EMS in the amount of $20,000.00, representing the anticipated reasonable and necessary attorney's fees that would be incurred by Nesler in defending the appeal. Further,

The Court **FINDS** and it is hereby **ORDERED** that an award of all above-described reasonable and necessary attorney's fees to Nesler is and would be equitable and just in all respects. It is further,

**ORDERED** that all costs shall be taxed against EMS. It is further,

**ORDERED** that the Court's interlocutory summary judgment dated March 12, 2014, February 23, 2015, and March 3, 2015 are fully incorporated herein, by reference.

## EMS-SANDT PORTION OF THE FINAL JUDGMENT

On May 21, 2015, the portion of this cause pertaining to EMS and the Sandts came for trial in due time and order.

### I.     Parties

The Court now enters its Final Judgment under TEX. R. CIV. P. 300 and 301 with respect to the separate trial ordered by the Court between the EMS and the Sandts, all of whom appeared through their respective attorneys and announced ready for trial.

### II.     Trial

EMS and the Sandts waived the right to trial by jury for the specific issues that were tried to the Court on May 21, 2015, but reserved their right to a jury for any future trial that may result from an appeal or the granting of a motion for new trial.

### III.     Declaratory Judgment

At the conclusion of the evidence, the Court directed a verdict at the Sandts' request and dismissed EMS's breach of contract claim. The Court's directed verdict, rulings, and declarations are incorporated in this Final Judgment.

By Order dated February 18, 2015 (which order is fully incorporated herein by reference), the Court previously declared that the Settlement and Release Agreement prohibits the Sandts from seeking to execute against, or accepting any recovery from EMS for any remaining liability of Nesler in connection with the judgment previously entered against him in the *Sandt* litigation, regarding which EMS has been found to be obligated to indemnify Nesler; and, further, that the Settlement and Release Agreement plainly and unequivocally reserves to

5

the Sandts the right to seek execution or recovery directly from Nesler after all appeals of the *Sandt* litigation have been exhausted. Because these were the very actions that formed the basis of EMS's breach of contract claim, it is accordingly,

**ORDERED ADJUDGED AND DECREED** that EMS take nothing on its breach of contract claim against the Sandts. It is further,

**DECLARED AND ORDERED** that any collection efforts by the Sandts against Nesler for any remaining liability from the *Sandt* judgment after the entry of this Final Judgment would ~~to the extent that~~ be a breach of the Settlement and Release Agreement ~~because~~ it would constitute an indirect recovery against EMS.

*[handwritten marginal note: (so long as it remains in full force and effect)]*

*[handwritten insertion: to the extent that]*

## IV. Attorneys' Fees, Costs, and Writs

A. The Sandts shall have judgment against EMS in the amount of $15,000.00, for their reasonable and necessary attorneys' fees incurred in representation through the trial court level.

B. The Sandts shall have judgment against EMS in the amount of $10,000.00, conditioned upon EMS pursuing an unsuccessful appeal of this Final Judgment (as it pertains to any relief awarded to or benefiting the Sandts in any way), representing the anticipated reasonable and necessary contingent attorneys' fees that would be incurred by the Sandts attributable to EMS's appeal of this Final Judgment to the Court of Appeals.

C. The Sandts shall have judgment against EMS in the amount of $10,000.00, representing the anticipated reasonable and necessary contingent attorneys' fees that would be incurred by the Sandts attributable to EMS's appeal of this Final Judgment (as it pertains to any relief awarded to or benefiting the Sandts in any way) at the petition for review stage in the Supreme Court of Texas, conditioned upon that Court ultimately affirming this Final Judgment.

6

D. The Sandts shall have judgment against EMS in the amount of $5,000.00, representing the anticipated reasonable and necessary contingent attorneys' fees that would be incurred by the Sandts attributable to EMS's appeal of this Final Judgment (as it pertains to any relief awarded to or benefiting the Sandts in any way) at the merits briefing stage and through oral argument in the Supreme Court of Texas, conditioned upon that Court ultimately affirming this Final Judgment.

E. The Court finds and hereby declares that the above awards of reasonable and necessary attorneys' fees to the Sandts are equitable and just under the circumstances of this cause and in consideration of the evidence admitted at the separate trial between EMS and the Sandts.

F. The Sandts are awarded post-judgment interest at the rate of five percent (5%) per annum, compounded annually, on the trial court attorney's fees in the amount of $15,000.00 awarded under section "A." above, from the date of entry of Final Judgment until paid.

G. All costs associated with the separate trial shall be taxed against EMS.

**PORTION OF FINAL JUDGMENT RELEVANT TO ALL PARTIES**

It is further **ORDERED** that all other interlocutory orders entered by the Court, but not specifically mentioned herein, are now final.

All writs and processes for the enforcement and collection of this Final Judgment or the costs of Court may issue as necessary.

All other relief not expressly granted in this Final Judgment is **DENIED**.

This Final Judgment finally disposes of all parties and claims and is appealable.

SIGNED this 25th day of September , 2015.

7

JUDGE PRESIDING

8

JWEB  INT  65.10   CIVIL SYSTEM | CIVIL CASE INTAKE | GENERAL PARTY INQUIRY INT65.10    GILMORE, DUANE    DECEMBER 16, 2015

**(13) CONNECTION(S) FOUND.**

| CASE NUM: | 201323041 | PJN: | | TRANS NUM: | | CURRENT COURT: | 334 | PUB: | Please Select |

| CASE TYPE: | DECLARATORY JUDGMENT | CASE STATUS: | DISPOSED (FINAL) |

| STYLE: | ENERGY MAINTENANCE SERVICES GROUP I L | VS | NESLER, TIMOTHY |

**** INACTIVE PARTIES ****

| | PJN | PER/CONN | COC | BAR | PERSON NAME | PTY STAT | ASSOC. ATTY |
|---|---|---|---|---|---|---|---|
| ☐ | | 00008 - 0001 | DEF | 11203180 | SANDT, ROXANNE | | KELLEY, LLOYD E. |
| ☐ | | 00007 - 0001 | DEF | 11203180 | SANDT, JIM | | KELLEY, LLOYD E. |
| ☐ | | 00006 - 0001 | XDF | 11203180 | SANDT, ROXANNE | D | KELLEY, LLOYD E. |
| ☐ | | 00005 - 0001 | XDF | 11203180 | SANDT, JIM | D | KELLEY, LLOYD E. |
| ☐ | | 00002 - 0002 | XPL | 10772500 | NESLER, TIMOTHY | D | JOHNSON, MILLARD A. |
| ☐ | | 00001 - 0002 | XDF | 00796169 | ENERGY MAINTENANCE SERVICES GROUP I LLC | D | BARROW, CHESTER DENNIS JR |
| ☐ | | 00009 - 0001 | MED | 09368500 | HEDGES, ADELE O. | | |
| ☐ | | 00004 - 0001 | DEF | 10772500 | NESLER, MELINDA | S | JOHNSON, MILLARD A. |
| ☐ | | 00004 - 0001 | PAD | 17735500 | SCHECHTER, RICHARD M. | | |
| ☐ | | 00003 - 0001 | PLT | 00796169 | ENERGY MAINTENACE SERVICE GROUP I INC | | BARROW, CHESTER DENNIS JR |
| ☐ | | 00002 - 0001 | DEF | 10772500 | NESLER, TIMOTHY | D | JOHNSON, MILLARD A. |
| ☐ | | 00002 - 0001 | PAD | 17735500 | SCHECHTER, RICHARD M. | | |
| ☐ | | 00001 - 0001 | PLT | 00796169 | ENERGY MAINTENANCE SERVICES GROUP I LLC | | BARROW, CHESTER DENNIS JR |

| Submit Query | 1 | Total Pages | **Submit Query** | **Submit Query** | 1 | **Submit Query** | **Submit Query** | Records Per-Page | 20 |

| ATY INQ | ACT UPDT | SERV ISSU | DOCU INQ | CASE SUMM INQ | PTY ADDR |
| ATY SUB | MUL ATY SUB | ATY W/DRAWL | PTY W/DRAWL |

Harris County Information Technology Center (ITC) Justice Applications